

## TEXAS A&M PHYSICIANS

NOTICE OF PRACTICE CLOSURE

TEXAS A&M PHYSICIANS/BEHAVIORAL HEALTH SERVICES

DR. JOSEPH SOKAL

Re: Resignation of Dr. Joseph Sokal

Dear Patients:

I need to inform you that I have resigned from Texas A&M Physicians Behavioral Health Services (TAMP). I will be closing out my practice over the next 4-8 weeks. At this time, the remaining TAMP psychiatrists are unable accept new patients due to their full case load.

Continuity of your psychiatric care is extremely important. You can contact the following local psychiatrist to transfer care or contact your insurance company to provide a list of recommended providers.

Dr. Mahesh Dave

1201 D Briarcrest Drive

Bryan, TX

979-776-5600

Dr. Lorene Henry

1605 Rock Prairie Rd. Ste 210

College Station, TX 77845

979-696-5883

It may also be reasonable to transfer to your primary care physician or to a primary care physician within Texas A&M Physicians. You can schedule an appointment with TAMP primary care physician by calling 979-776-8440.

Your medical records are confidential. A copy can be transferred to another provider only with your permission. If you would like your records transferred to another provider, please sign the enclosed authorizations and return the release to the following address or fax to 979-776-6905.

2900 E. 29th Street

ATTN: MEDICAL RECORDS

Bryan, TX 77802

On a personal note, it has been a pleasure and honor to serve you. I greatly hope you will stay focused on getting the help you need and taking good care of yourself.

Sincerely,

*J. Sokal MD 5/14/13*

Joseph Sokal, M.D.

**Medina, Christopher J.** 01/18/1981
Office/Outpatient Visit
**Visit Date:** Tue, Apr 2, 2013 08 30 am
**Provider:** Joseph Sokal, MD (Supervisor  Joseph Sokal, MD)
**Location:** Psychiatry and Behavioral Health

Electronically signed by Joseph Sokal, MD on  04/02/2013 09 07 55 AM
 Printed on 04/02/2013 at 9.08 am

# SUBJECTIVE:

**CC:** Mood disorder, Unhappy with current dx

**HPI:** CM returns today because he is pursuing disability and feels that the correct dx is bipolar but that is not how Dr. Potts dx him. I let him know that I do not know him well enough and do not have enough records to determine the best fit dx  I acknowledged that after his initial visit I had significant dx uncertainty  I also let him know that for the most part I do not help a patient pursue disability without having had a treatment relationship of about a year  He is currently taking Cymbalta which he got from his pain management doctor but he continues to reveal a negative world view in which he is almost always misunderstood and victimized  He reports multiple conflicts with others including his current therapist Paul Johnson  He would like me to call Paul Johnson to discuss his case which I agree to do  He also would like his medical records which I agree to provide

**ROS:**
CONSTITUTIONAL   Positive for **fatigue ( mild ).**
MUSCULOSKELETAL   Positive for **back pain and walks with a cane.**

# OBJECTIVE:

**Exams:**
MENTAL STATUS EXAM
GENERAL APPEARANCE: ( well developed, walks with a cane; **anxious** )
MOTORIC BEHAVIOR: ( No AIMS )
ATTITUDE ( guarded, seems paranoid )
MOOD: ( sad )
AFFECT. ( appropriate to content )
SPEECH: ( rambling )
PERCEPTUAL DISORDERS ( None )
THOUGHT CONTENT  ( Fleeting HI no intent )
THOUGHT PROCESS ( illogical, tangential, perseveration )
SENSORIUM  ( clear )
CONCENTRATION AND CALCULATION  ( Patient's ability to pay attention is limited  ).
INTELLIGENCE/FUND OF KNOWLEDGE· ( Patient's is of average intelligence  Patient's fund of knowledge is average  )
JUDGEMENT. fair judgement;
INSIGHT  unable to assess,

**ASSESSMENT:** CM was hoping that I might be able to diagnose him with bipolar. I let him know that I do not know what the best fit dx is for him  I am convinced that he does have a formal thought disorder, is paranoid and that almost all of his relationships are highly conflicted. I have agreed to talk with his therapist  I have suggested he get comprehensive psych testing  I congratulated him on his ongoing sobriety

| | | |
|---|---|---|
| 296 90 | Unspecified episodic mood disorder |
| 303 93 | Alcohol dependence, unspecified, in remission |
| 298 9 | Thought disorder |

# ORDERS:

**Other Orders:**
   Psychotherapy pt&/family w/E&M srvcs 30 min  (In-House)

## Medina, Christopher J. 01/18/1981

Office/Outpatient Visit
**Visit Date:** Thu, Jan 3, 2013 11:00 am
**Provider:** Joseph Sokal, MD (Supervisor: Joseph Sokal, MD)
**Location:** Psychiatry and Behavioral Health

Electronically signed by Joseph Sokal, MD on  01/03/2013 12:43:00 PM
 Printed on 04/02/2013 at 9:08 am.

# SUBJECTIVE:

**CC:** H/O bipolar disorder, depression, alcohol and sex addiction, chronic pain

**HPI:** CM is a 31 y.o.married hispanic male with an unstable and chaotic childhood that included sexual abuse who began drinking at 13 y.o. and who has struggled with a broad range of psychiatric symptoms since that time. He is both avoidant and highly circumstantial and the history he provides is fragmented and difficult to follow. His primary concern is his physical pain and he makes it clear that is his priority even as he touches upon several psychiatric issues. He has been sober for the last two years and attends AA and  has a sponsor. He also has a therapist who he says has helped him control his anxiety.  However he has been looking at online dating sites and also porn which he says will typically lead him to acting out. He wants to stop but is unable to control himself. His wife has been on him about this which leads to conflict between them. He says he knows he needs to go to treatment center for this problem but when I ask him if he is pursuing this he provides several reasons why he isn't. He has been physically violent towards her in the past and says that he sometimes will threaten to kill her if she leaves him and takes their daughter. He says that when he makes these threats both he and she know he doesn't mean it.  He says that he was referred her by Dr. Friedman who believes many of his pain complaints and problems are ' psychological in nature.' . He reports being in disputes with his PCP, insurance company and Dr. Friedman  and tends to externalize his problems. He denies being depressed although he c/o of chronic shoulder and global pain while commenting, ' you'd be sad to if your body hurt all the time.' He says that Dr. Friedman was no longer willing to provide him ativan and his primary agenda in seeing me is to get ativan which he says helps stop painful muscle spasms and also diminishes his anxiety. He describes his anxiety as feeling shaky in the morning or feeling ' weird... like my body isn't right.' He acknowledges believing that unless his pain gets treated he will die. He says that he has discussed this with his physicians all of whom think this is crazy. He denies SI but acknowledges thinking sometimes that being dead would relieve him of pain. He also feels like he is a burden on others. He remains in a dispute with his ex-wife over child care of their son and has recently reported her to CPS because he believes she is neglecting their boy who has ADHD. He says her son told him that she is having sex for money with him in the house. He denies current or past psychotic symptoms. When I ask him about his symptoms pattern when depressed he is vague and it is difficult to confirm adh/o of Major Depressive Episodes. I also asked him about manic episodes and got a similarly opaque response. I reviewed the symptoms with him and he denied most of them but when I asked about the full syndrome he said, ' I'm sure I've had something like that.' Denies self mutilation.
**PMH/FMH/SH:** PPHX- One suicide attempt by lighting his own shirt on fired in 2009. He says he put the fire out himself
however he was voluntarily admitted to ASH at that time. Denies any other hospitalizations or suicide attempts. Reports being treated for depression in the army with sertraline. He says it caused diarrhea and he stopped it. . Was also treated in the MHMR with Abilify at which time he was dx. with bipolar disorder. Unable to get clear symptom picture and related history to confirm or refute dx.

PMHX- Cervical spondylosis without myelopathy, hyperhidrosis, scrotal pain

Meds- Ativan, Ibuprofen, Robinul

ALL- Neurontin and Oxybutin- sounds more like med side effects eg shaking and nausea

FHx- Father Bipolarr, Aunt Schizophrenia

SHx- One of two raised by mother and grandparents. Was close to grandfather and moved between grandparents and his mother and stepfathers house. Was sexually molested by an older male neighbor who taught he and his brother to fondle each other. Was a good student and was also an accomplished wrestler going to the state championships. Began binge drinking at 13 and also used cocaine. Says that he was ' taken advantage of' by some fellow soldiers when he was doing cocaine with them in the service. Has done mostly manual labor but says he was very smart in school but he moved a lot and his drinking prevented him from being in the top ten of his class. His first marriage was stormy and he and his wife were ' swingers.' His current wife is older than him. He has trouble trusting her and sometimes feels she manipulates him into fights. He is currently embroiled in several conflicts: 1. With insurance company over getting an MRI, 2. With Dr. Friedman over ativan 3. With ex wife over child care- has gone to CPS 4. He apparently was charged with criminal trespass for going back into the hospital after he was discharged- details vague.

MSE- 31 y.o. short hispanic male carrying briefcase of his records, casually dressed, decently groomed, fair eye contact,

# Health Summary

**Patient:**  Medina, Christopher J  (1/18/1981)

**Date:**  4/2/2013

| *Current Problems* |
| --- |

Alcohol dependence, unspecified, in remission
Depressive disorder not elsewhere classified
Thought disorder
Unspecified episodic mood disorder
Alcohol dependence, unspecified, in remission
Depressive disorder not elsewhere classified
Thought disorder
Unspecified episodic mood disorder

| *Current Medications* |
| --- |

| ⚠ *Allergies / Adverse Reactions* |
| --- |

| *Past Medical History* |
| --- |

**Medina, Christopher J.** 01/18/1981
Office/Outpatient Visit
**Visit Date:** Tue, Apr 2, 2013 08:30 am
**Provider:** Joseph Sokal, MD (Supervisor: Joseph Sokal, MD)
**Location:** Psychiatry and Behavioral Health

Electronically signed by Joseph Sokal, MD on 04/02/2013 09:07:55 AM
 Printed on 04/02/2013 at 9:08 am.

## SUBJECTIVE:

**CC:** Mood disorder, Unhappy with current dx.

**HPI:** CM returns today because he is pursuing disability and feels that the correct dx is bipolar but that is not how Dr. Potts dx him. I let him know that I do not know him well enough and do not have enough records to determine the best fit dx. I acknowledged that after his initial visit I had significant dx uncertainty.  I also let him know that for the most part I do not help a patient pursue disability without having had a treatment relationship of about a year. He is currently taking Cymbalta which he got from his pain management doctor but he continues to reveal a negative world view in which he is almost always misunderstood and victimized. He reports multiple conflicts with others including his current therapist Paul Johnson. He would like me to call Paul Johnson to discuss his case which I agree to do. He also would like his medical records which I agree to provide.

**ROS:**
CONSTITUTIONAL:  Positive for **fatigue ( mild )**.
MUSCULOSKELETAL:  Positive for **back pain and walks with a cane**.

## OBJECTIVE:

**Exams:**
MENTAL STATUS EXAM:
GENERAL APPEARANCE: ( well developed; walks with a cane; **anxious** )
MOTORIC BEHAVIOR: ( No AIMS )
ATTITUDE: ( guarded, seems paranoid )
MOOD: ( sad )
AFFECT: ( appropriate to content )
SPEECH: ( rambling )
PERCEPTUAL DISORDERS: ( None )
THOUGHT CONTENT: ( Fleeting HI no intent )
THOUGHT PROCESS: ( illogical, tangential, perseveration )
SENSORIUM: ( clear )
CONCENTRATION AND CALCULATION: ( Patient's ability to pay attention is limited. ).
INTELLIGENCE/FUND OF KNOWLEDGE: ( Patient's is of average intelligence. Patient's fund of knowledge is average. )
JUDGEMENT: fair judgement;
INSIGHT: unable to assess;

## ASSESSMENT: CM was hoping that I might be able to diagnose him with bipolar. I let him know that I do not know what the best fit dx is for him. I am convinced that he does have a formal thought disorder, is paranoid and that almost all of his relationships are highly conflicted. I have agreed to talk with his therapist. I have suggested he get comprehensive psych testing. I congratulated him on his ongoing sobriety.

296.90     Unspecified episodic mood disorder
303.93     Alcohol dependence, unspecified, in remission
298.9      Thought disorder

## ORDERS:

**Other Orders:**
 Psychotherapy pt&/family w/E&M srvcs 30 min  (In-House)

MSE- 31 y.o. short hispanic male carrying briefcase of his records, casually dressed, decently groomed, fair eye contact, no AIMS, speech- soft, limited prosody, affect- constricted, anxious, guarded, mood- seems depressed but denies feeling depressed for the most part, TP- Highly circumstantial, vague, avoidant, TC- no SI,HI or delusions, Denies perceptual disturbances, Cog- GI, J/I- Limited

ROS- General- no aches or chills,global pain/shaking Cardiac- denies palpitations, Pulmonary- denies SOB or dyspnea, no current cough, Musculoskeletal- shoulder pain
see outside records for more detailed ROS

VSS- See outside records

## ASSESSMENT: Very puzzling presentation of a young man with chronic pain, alcohol and cocaine abuse in remission, sexual addiction and prior dx of depression and bipolar disorder. Rather than describe his interior experience he immediately associates to his surrounding environment and describes details that lead him away from attending to himself. He appears to have little sense of control over himself or his life and often sees himself as a victim. Currently the only clear psychiatric problems he reports are his sexual addiction and anxiety. He does seem depressed to me though he does not report symptoms consistent with a MDD. It is also possible that he is malingering in an effort to get benzos which would be consistent with his prior substance abuse. However my sense is that he is depressed. He may have MDD, Dysthymia or even Bipolar though I would need old records or collateral history to assess this. It also seems likely that he has a personality disorder with cluster b traits. Because of his anxiety, chronic pain and at least some evidence for depression I recommended a trial of an AD. He was not interested in an AD. I let him know that I am unwilling to provide a benzo given his h/o of etoh abuse and the fact that his primary use for it appears to be pain management. I encouraged him to continue in his therapy and to pursue a focused treatment for his sexual addiction. I let him know that he is welcome to f/u with me but I did not set up a return eval. Instead I gave him my card an asked him to call and schedule if he would like to return. My reasoning for this is that he seemed very unmotivated for care here. If he chooses to call and schedule that would demonstrate motivation on his end.

311        Depressive disorder not elsewhere classified
305.03     Alcohol abuse, in remission
305.63     Cocaine abuse, in remission
300.00     Anxiety state, unspecified

## ORDERS:

**Other Orders:**
   Psychiatric Diagnostic Evaluation w/Medical Srvs  (In-House)

## PLAN: 1. Recommended trial of AD- pt uninterested
2. Continue therapy
3. Will leave it to patient to call and reschedule.

**Depressive disorder not elsewhere classified**
90792-Psyhiactric diagnositc evaluation WITH medical services

Orders:
   Psychiatric Diagnostic Evaluation w/Medical Srvs  (In-House)

## ADDENDUMS:

**Addendum: 01/07/2013 12:31 PM -**

Visit Note Faxed to:

CPT ® is a registered trademark of the American Medical Association



Christopher Medina <chris.medina2010@gmail.com>

## Final Presentation without (Key medical records which yet to be look at by instructors and staff in reference to grade dispute) and also not given original hearing.

**Christopher Medina** <chris.medina2010@gmail.com>                    Wed, Nov 20, 2013 at 12:57 PM
To: Ann Williams <awilliams@tamu.edu>, Academic Integrity For Students <aggiehonor@tamu.edu>, Bridgette Ingram <bingram99@tamu.edu>, Paul Batista <pbatista@hlkn.tamu.edu>, "cjwoods@tamu.edu" <cjwoods@tamu.edu>, Corliss Outley <coutley@tamu.edu>, Courtney M Hodge <courtneymhodge@neo.tamu.edu>, "wpwat@hotmail.com" <wpwat@hotmail.com>, Family Self Counselor <cbosquez@bvcog.org>, Kim Dooley <k-dooley@tamu.edu>, David Nielson <drnielson@dhnmd.com>, "Freeman,Genora (DARS)" <Genora.Freeman@dars.state.tx.us>, Justin Ellis <justine@studentlife.tamu.edu>, "shudson@hlkn.tamu.edu" <shudson@hlkn.tamu.edu>, "TimP@tamu.edu" <TimP@tamu.edu>, Gary Ellis <gellis@ag.tamu.edu>, "Lelo, Linda Enoh" <lelolinda@tamu.edu>, "gellis1@tamu.edu" <gellis1@tamu.edu>, george@kbtx.com, Kate Hahn <kate.hahn@tamu.edu>, Henry H <matchstick333@gmail.com>, "Orr, Kristie" <kristieo@disability.tamu.edu>, Lee Solomon <lsolomon@swbell.net>, Lisa Suydam <lisamarie631@yahoo.com>, "Ortega, Maria" <mariao@disability.tamu.edu>, Marsha Matcek <mmatcek@txbsi.com>, Paul Johnson <pjcounselor@hotmail.com>, president@tamu.edu, "rickp@studentlife.tamu.edu" <rickp@studentlife.tamu.edu>, Rc Whittaker <rcwhittakerrc@gmail.com>, Scott Shafer <sshafer@tamu.edu>, Susan Scott <susan-g-scott@tamu.edu>, "news@theeagle.com" <news@theeagle.com>, "<office@am-umc.org>" <office@am-umc.org>, Ginny Zimmerman <vzimmerman@tamu.edu>, "bjuvrud@yahoo.com" <bjuvrud@yahoo.com>, stacyw@vpsa.tamu.edu

Here are the medical records unseen by teachers. Also the staff that is protecting them.

On Wed, Nov 20, 2013 at 3:08 AM, Christopher Medina <chris.medina2010@gmail.com> wrote:
Also finish grade dispute to get the grades that deserve. as final part of settlement letter you should recieve final medical documents no one has taken not even instructors by noon today. (By email) so I have Receipt that were received so that can  deny this before court if your not willing to settle. Also have separate lawsuits police, Brazos club, The media, Paul Johnson and William Russell. Just waiting on district court to get over complaint part error trial by non lawyer. It learning process in due time it all will be complete.

Thanks,
Christopher

On Wed, Nov 20, 2013 at 2:34 AM, Christopher Medina <chris.medina2010@gmail.com> wrote:

Marsha Matcek  4:39 PM (9 hours ago)

to me

Mr. Medina -

If Dr. El Ni Hum would like for Dr. Friedman to see you for another opinion, I will ask him and see if he will reconsider.  But your appointment on December 3rd has already been cancelled and someone else scheduled in that place.   You will need to follow up with Dr. El Ni Hum for the MRI of the lumbar spine also.

Take care -

Marsha

On Tue, Nov 19, 2013 at 3:00 PM, Christopher Medina <chris.medina2010@gmail.com> wrote:
The surgeon Scott White did say was one nerve present he did not feel he wanted to remove the disc.

I thinking Friedman may think it may. There not anything wrong with second look at it.

Pain see to be getting worse not better.

Thanks,
Christopher

--
Commit to the Lord whatever you do and your plans will succeed.

Proverbs 16:3

On Wed, Nov 20, 2013 at 2:32 AM, Christopher Medina <chris.medina2010@gmail.com> wrote:
Sorry due mental illness forgot to attach first part of medical records on file. Will send other once
load on USB. This medical records are on file and copies of this also given to Brazos Club. Also you
see where tried to contact Friedman office that done my surgery in past but secretary keeps referring
me to surgeon that do not wish to do lower back or neck. I feel that he not expert on this matters.
Also through this emails since May where had two conflicts with DARS as well on imaging testing Dr
Skoal suggested.  This yet to be granted by Dar's also emails did not go through to surgeonDr
Nelison that asking to perform redo on Facial Hyperdrosis so that can become functional in
employment sector. With this matters corrected.

Delivery to the following recipient failed permanently:

    Genora.Freeman@dars.state.tx.us

Technical details of permanent failure:
Google tried to deliver your message, but it was rejected by the server for the recipient domain
dars.state.tx.us by esa02mx.hhs.state.tx.us. [168.40.200.36].

Delivery to the following recipient failed permanently:

    drnielson@dhnmd.com

Technical details of permanent failure:
Google tried to deliver your message, but it was rejected by the server for the recipient domain
dhnmd.com by mail.dhnmd.com. [24.227.188.139].

The error that the other server returned was:
552 Error: message too large

Christopher Medina <chris.medina2010@gmail.com>  2:05 AM (25 minutes ago)

to **Karina**

I tried contacting Freeman about Self Sufficient Counselor and police told me go back get testing sex imaging and work assistance help.

On Wed, Nov 20, 2013 at 1:58 AM, Christopher Medina <chris.medina2010@gmail.com> wrote:
1. Settlement offers credit settlement for Fall Term credit of balance owed. Also Kate Hahn said there was no more than could be done financial aid she lied or made mistake that could be second way to avoid jail time. Not all her fault my ex wife lied on stand in process of appeal that waiting on bank records from bank of America. Also need get ride to brehman wood forest bank have to wait for income to do that. You find in point power present of financial aid in reference to that you also see in financial aid shortly after my release from jail in April was given Short term loan for expenses and PC that was never able to get. Due to that hardship.

2. Scott Shaffer is lair I never harassed the man. When went told him that Susan Scott did not honor my medical documentation he said I do not like you we are the people that will help you find employment. He said I would drop your courses if I were you.

3. Susan Scott, Linda Leo, and Outley never allowed me accommodations at the end of semester. Susan did not provide any note taking assistance or exam mistakes to study from for the final.

4. I was sick for the original hearing also asked that Paul Johnson be subpoena to come to original hearing to give his expert first hand experience on mental illness.

The World Health Organization's ICD-10 defines a disorder that is conceptually similar to borderline personality disorder, called *(F60.3) Emotionally unstable personality disorder*. Its two subtypes are described below.[40]

F60.30 Impulsive type

At least three of the following must be present, one of which must be (2):

1. marked tendency to act unexpectedly and without consideration of the consequences;
2. marked tendency to engage in quarrelsome behavior and to have conflicts with others, especially when impulsive acts are thwarted or criticized;
3. liability to outbursts of anger or violence, with inability to control the resulting behavioral explosions;
4. difficulty in maintaining any course of action that offers no immediate reward;
5. unstable and capricious (impulsive, whimsical) mood.

F60.31 Borderline type

At least three of the symptoms mentioned in *F60.30 Impulsive type* must be present [see above], with at least two of the following in addition:

1. disturbances in and uncertainty about self-image, aims, and internal preferences;

2. liability to become involved in intense and unstable relationships, often leading to emotional crisis;
3. excessive efforts to avoid abandonment;
4. recurrent threats or acts of self-harm;
5. chronic feelings of emptiness.
6. demonstrates impulsive behavior, e.g., speeding, substance abuse

5. Came to Rick legal for help on Brazos Club ban and help for legal suit against them which also still in process through district court. did not offer assistance said go other meetings due transportation where lived at time and school schedule was not able to which was recommendation by Paul Johnson in treatment plan.

6.Instead holding original hearing instead proceeding to Sanction hearing I was not allowed present medical documents that instructors ignored. Second never had any disciplinary problems in school and suspension to harsh of punishment. Leaving me even worse financial screniaro of course the panel be agreed with Conflict Resolutions because unaware of medical documents as evidence. It not fair trial as I would have in court criminal or civil.

7. I told Maria about the problems I had even gave her hard copy which is label emails to teachers and Facebook did not about it.

8. I have made indiviual copies and presentations of all the emails sent on file plus after the suspension.

9 CC and mass emails are part of my mental illness as I have trust issues but greatly impacted by poor job by instructors and staff handling of the case.

10. Therefore you see clear violation of my civil rights.

11. I ask to be reinstated to Texas A&M University in Sports Management department that I was accepted into before suspension. I also asked for 1000 dollars in damages and credit for  4,000 dollars for loss of a semester due to staff mistakes. Also emotional distress by self and my wife and son.

12. Financial aid I have  been active in job search but no offers expect woody's gags and gifts but due to my addiction I did not take that job. My Self Sufficient Counselor Carmen can vouch for me every month have appointment with her.

13. Genora Freeman DR Skoal that one that said have formal thought disorder said that need physiological testing you did nothing about is on file with school and I have a copy.

14. Dr Neislon sweating doctor can also confirm that in process trying get redo surgery help me perform better. That one reason miss the original hearing along with sleep patterns of chronic pain.

15 also pain doctor can confirm burst of anger due to chronic pain, Also mental doctor.

Below you see one bank accounted affected by denial of a loan granted before October 25, 2013 hearing that lead to my suspension.

**Available Balance( Learn More )**-$145.56
### Additional Services

- Add Bill Pay
- Set Up Low Balance Alerts
- Set Up Overdraft Services

Download Activity

DIVISION OF STUDENT AFFAIRS



## Please answer the questions below:

1.  Did the original conduct conference fail to adhere to the process specified in Section 26 of the attached University Student Rules?

☐ No        ☐ Yes (Must specify how below)

Un founded

Was not present due to Illness.

2a.  Do you have any *significant* and *relevant* new information, which *was not* or *could not* have been known and/or presented at the original conduct conference and which is sufficient to alter a decision of the Student Conduct Panel.

☐ No        ☒ Yes (Must specify below and continue to question 3b)

Medical records not present also relevant to case & law suit present wanting on summons to present to school.

2b.  Why was this information not presented at the original conduct conference?

Constrains in transportation and pain hinders progress and task each day.

Vice President for Student Affairs
John J. Koldus Building
1256 TAMU
College Station, TX 77843-1256

Tel. 979.845.4728    Fax 979.845.3320
vpsa@tamu.edu

DIVISION OF STUDENT AFFAIRS



## University Disciplinary Appeals Panel
## Appeal Request Form

Name: _Christopher Jason MEDIA_    UIN: _809007799_

Address: _3301 Providence Ave Ap 140F_

City: _Bryan_    State: _Texas_    Zip Code: _77893_

Phone: _(979) 402-1557_    ~~Cell:~~ Home _(979) 703-4735_

Email: _christmedia 2010@Ghmail.com_

**Charges and Findings:**

| Charge: _24.4.2_ | ☐ AR ☐ FR ☐ NR | Charge: _____ | ☐ AR ☐ FR ☐ NR |
| Charge: _____ | ☐ AR ☐ FR ☐ NR | Charge: _____ | ☐ AR ☐ FR ☐ NR |
| Charge: _____ | ☐ AR ☐ FR ☐ NR | Charge: _____ | ☐ AR ☐ FR ☐ NR |
| Charge: _____ | ☐ AR ☐ FR ☐ NR | Charge: _____ | ☐ AR ☐ FR ☐ NR |

* AR – Accepted Responsibility, FR – Found Responsible, NR – Not Responsible

**Sanctions:**

_Was not at the hearing due to illness._

Date of Original Conduct Conference: _10/2/13_

Appeal Deadline: _10/7/13_

Date and Time Appeal Paperwork Submitted   Date: _10/2/13_

Time: _4:12 PM_

Received by: _STACY WRIGHT_

Vice President for Student Affairs
John J. Koldus Building
1256 TAMU
College Station, TX 77843-1256

Tel. 979.845.4728    Fax 979.845.3320
vpsa@tamu.edu

Texas A&M University
University Disciplinary Appeals Panel



**CONSENT TO DISCLOSE STUDENT RECORDS**
**MAINTAINED BY THE UNIVERSITY DISCIPLINARY APPEALS PANEL**

This release represents your written consent to disclose educational records maintained by the University Disciplinary Appeals Panel to the specific individual(s) identified below. Please read this document carefully, fill in all blanks, and initial where indicated as to which documents may be disclosed.

I, _____Christopher Jean modu_____     _____

                              *[Print Full Name]*                                                    *[Student I.D.]*

**AM / WAS** a student at Texas A&M University (TAMU) and hereby give my voluntary
*[Circle one]*

consent to the University Disciplinary Appeals Panel to disclose the following records
*[Initial appropriate item(s)]:*
    _____ **Contents of Individual Disciplinary File** (copies of files are not provided, and files may not leave Suite 117 Koldus Building)

    __✓__ **Other:** (please specify) ____Records not provided_____

to the following person(s): _____

_____

These records are being released for the purpose of: _____
*[Indicate the purpose of disclosure (i.e. communication with parents)]*
Please indicate your access preference regarding the nature of this record release
*[Initial appropriate item(s)]:*

   _CJM_ Provide <u>personal access</u> to documentation contained in file (files may not leave the Suite 117 Koldus Building).
   _CJM_ Authorize University Disciplinary Appeals Panel Staff to <u>orally discuss</u> information contained in file.
   _CJM_ All of the above.
I understand that under the Family Educational Rights and Privacy Act of 1974, no disclosure of my records can be made without my written consent unless otherwise provided for, in legal statues and judicial decisions. I also understand that I may revoke this consent at any time (via written request to the Chair, University Disciplinary Appeals Panel) except to the extent that action has already been taken upon this release.

_____   10/2/2013      Open
*[Signature of Student]*                *[Date]*            *[Last date information may be shared]*

_____   10/2/13
*[Signature of Staff Member]*               *[Date]*

Hearing on October 1st; student life - chris.medina2010@gmail.com - ...

Case 4:14-cv-01015   Document 1   Filed in TXSD on 04/11/14   Page 14 of 27

https://mail.google.com/mail/?silv

+Christopher   Search   Images   Maps   Play   YouTube   News   Gmail   Drive   Calendar   M

# Google

Gmail

**COMPOSE**

CHASE® Sapphire Preferred - CreditCards.CHASE.com/Sapphire - Earn 40,000 B

Inbox

Starred

## Hearing on October 1st; student life    Inbox   x

Important

Chats

**chris.medina2010@gmail.com**

Sent Mail

to Kristie, Paul

Drafts

I do not get up early. Due chronic pain is worse at night and I usually take a n

[Gmail]Trash

night and assist with my child.

Amazon

I know my body well. I had rent a room have wife and friend make me get up

Bill W and Paul Joh…

called BCS clinic, pain management, FSS, program I do not do mornings an

Also in process going MHMR anger management and voice specialist couns
on Monday and appealing thier decision was made on appointment base phy
documents two seperate physiologist saying do have personality disorder.

Also had sessions mentioned of emails and voices on how copied with mani

Henry H

I already have law suit because mistakes made by administration just go in n

Isca Pattipawaej

noon. Just ended in argument not going put my body in that much pain to sui

Kim Medina

date also have extra sweating esdiope in this month total of six. Most usually

Rc Whittaker

Sincerely,

Thanks,
Christopher Medina

Sent from my iPhone

**DIVISION OF STUDENT AFFAIRS**

DEPARTMENT OF DISABILITY SERVICES



April 22, 2013

To whom it may concern:

Christopher Jason Medina has submitted documentation of multiple diagnoses to our office. His diagnoses include Generalized Anxiety Disorder, Mood Disorder, Depressive Disorder, Chronic Pain, hyperhidrosis, history of substance abuse. The documentation submitted also lists a host of other issues such as obsessive compulsive personality tendencies and narcissistic tendencies. He has also submitted a list of multiple medications he takes to manage the symptoms of the disorders. In his e-mails, Christopher also references sex addiction and multiple legal issues. Christopher asked me to state my observations in this letter, I have observed him to walk using a cane and he often wears a neck brace. I have also observed Christopher to carry a towel which is drenched in sweat from what I assume to be a symptom of hyperhidrosis. During our appointments, he often complains of knee and shoulder pain, difficulty with transportation issues, financial constraints, and of a compulsion to repeatedly send e-mails to different individuals. Christopher finds it difficult to concentrate on schoolwork when he has a number of other stressors and legal issues. He has repeatedly asked his instructors to postpone exam dates and due dates. Our Documentation Review Committee reviewed the available information and determined that he qualifies for services for students with disabilities. I understand that he is appealing some decisions and asked me to document his registration with our office.  He has been registered with our office this semester and has requested the following accommodations:

- Extended testing time on all exams, quizzes, and tests
- Testing in a less distracting environment
- Note taking assistance

Thank you for your time.

Sincerely,

Maria Ortega
Accommodations Counselor

Texas A&M University
University Disciplinary Appeals Panel



**Acknowledgement of Information Received**

*This form should be completed once the student has processed the appeal form. The student appealing should initial each item below and sign the form indicating the following:*

C)M       I have received business cards and contact information for the chair of the UDAP panel and his administrative assistant.

C)L       I was presented dates/times to meet one on one with the chair of the UDAP panel and I made the selection of _FRIDAY, OCT. 4, 2013_ at _1:30_ am/(pm.)

**My signature below indicates that I have read and affirm the above statements.**

**Student:**

_____   _Chistopher Jrgoundos_   _10/1/2017_
Signature                         Print Name               Date

**Staff, UDAP**

_____   _STACY WRIGHT_   _10/2/13_
Signature                         Print Name               Date

# Acknowledgement of Student Rights
## and Appeal Hearing Process

Student Name: _Christoph. Jesus Medin_ Student ID Number: _809407799_

*This form should be completed in conjunction with a review of Sections 26 and 58 of Texas A&M University Student Rules. The student appealing should initial each item below and sign this form. Additionally, the student appealing should initial each page of Sections 26 and 58. Copies of this form and the initialed pages of Sections 26 and 58 will be provided to the appealing student.*

*Please **initial** each statement:*

_CJk_ I am aware that the University Disciplinary Appeals Panel acts on behalf of the University president and that the panel's decision(s) is(are) final.

_CJk_ I have been given a copy of my student rights (Section 26 of the Texas A&M University Student Rules.)

_CJk_ I have been given a copy of the procedures used to conduct hearings of the University Disciplinary Appeals Panel (Section 58 of the Texas A&M University Student Rules.)

_CJk_ I am aware of the possible outcomes of my appeal hearing. The appeals panel may: review the case and uphold the original finding(s) and or sanction(s); the panel may review the case and reverse a finding of responsibility for any or all charges; the panel may review the case and reduce the sanction(s); the panel may review the case and require that it be heard again by the original hearing body. Further, I am aware that if the sanction(s) is(are) reduced, the panel may add one or more less severe sanctions in addition to the reduced sanction.

_CJk_ I am aware that the appeal may be conducted without my presence if I do not attend the appeal.

**My signature below indicates that I have read and am aware of the statements above.**

Student: _____ _10/2/2917_
Signature                                    Date

Staff/University Disciplinary Appeals Panel:
_____ _10/2/13_
Signature                                    Date

4

DIVISION OF STUDENT AFFAIRS

**TEXAS A&M** UNIVERSITY

5. Will you have an advisor present? ☒ Yes  ☐ No

    If yes:

        Have you signed a FERPA release of information form for this advisor? ☒ Yes  ☐ No

        Will that advisor be an attorney? ☐ Yes  ☒ No

In signing and submitting this form, the student appellant acknowledges and understands that university deadlines for tuition and fee reimbursements are independent of the University Disciplinary Appeals Panel process. As such, during certain times of the year, the timing of UDAP decisions can affect the amount of refund (if any) received by a student separated from the university.

Student Signature: _____     Date: 10/2/2017

**FOR OFFICE USE ONLY**

Received By: STACY WRIGHT                    Original Conduct Officer: _____

Original Chair: _____    Original Panel: _____

If applicable:  ☐ Copy sent to Corps of Cadets    ☐ Copy sent to Residence Life

☐ Copy Sent to Student Conduct Services        Appeal Date: _____

Vice President for Student Affairs
John J. Koldus Building
1256 TAMU
College Station, TX 77843-1256

Tel. 979.845.4728   Fax 979.845.3320
vnsa@tamu.edu

DIVISION OF STUDENT AFFAIRS



3.  Do you believe the severity of the sanction(s) is inappropriate for the violations for which there was responsibility?

☐ No     ☒ Yes (Must specify why below)

Miss communiccation and failure of accomdations
and staff perfomance in finicial aid
and instistois aid reaching accomdations.

4. Please provide additional circumstances/information which you believe should be considered (use back of page if more space needed):

①  evidence provided in appeal document along
with supporting evidence.

②  paul Johnson needs to be subpeona
to testify on my behalf
in this matter
Lattest physiologist.
if wife can't attend due to day care

Vice President for Student Affairs
John J. Koldus Building
1256 TAMU
College Station, TX 77843-1256

Tel. 979.845.4728    Fax 979.845.3320
vpsa@tamu.edu

**Texas A&M University**
Division of Student Affairs
Department of Disability Services



Fall 2013

Dear Instructor:

Thank you in advance for working with our students with disabilities at Texas A&M University. This letter is to inform you that **Christopher Medina, ID#: 809007799** has registered with our office as a student who qualifies for services for students with disabilities. Please remember that a student's disability is considered confidential information and should not be shared with anyone except those who have an educational need to know as defined by the Family Educational Rights and Privacy Act (FERPA).

Disability Services has reviewed and verified the student's documentation and has determined the following accommodations to be reasonable and appropriate:

- *Extended testing time of 1.5 times on all tests, quizzes and examinations.*
- *Student may need to leave class due to his/her disability.*
- *Student will require notetaking assistance. There are several means of meeting this accommodation request. One option is to provide the student with a copy of your lecture notes and/or slides. Another option is to identify a student volunteer by announcing to the class or e-mailing the class that there is a student who needs the assistance of a notetaker (without identifying which student). You may want to mention that several student organizations on campus award community service points for this volunteer activity. Ask interested students to meet with you and the student with a disability after class. The student with a disability should be able to explain what he/she needs from the volunteers.*
- *Testing in a reduced distraction environment (e.g., your office, a small conference room, the Disability Services Testing Administration Center).*

The student is responsible for scheduling a time to discuss the above accommodations in order to meet his/her needs as well as your course requirements. If you or the student find that you have any questions or concerns regarding the accommodation requests or how to implement them, please meet to discuss them. If you find you need further assistance or feel you need guidance about making a decision about an accommodation request, please do not hesitate to call me at (979) 845 - 1637 or e-mail me at the address below.

Below are some resources that may be helpful as you work to implement the requested accommodations:

- Faculty Resource Guide: http://disability.tamu.edu/facultyguide
- Testing Administration Center: http://disability.tamu.edu/tac

Electronically signed by:

Kristie Orr
Accommodations Counselor
kristieo@disability.tamu.edu

DIVISION OF STUDENT AFFAIRS
OFFICES OF THE DEAN OF STUDENT LIFE



October 1, 2013

Christopher Medina
Sent electronically to chris.medina2010@neo.tamu.edu

**PERSONAL AND CONFIDENTIAL**

Regarding Case Number: 2013014701

Dear Christopher:

**You are suspended from Texas A&M University. This suspension takes effect Tuesday, October 1, 2013, and will remain in effect through Friday, December 12, 2014.**

Please be advised that you must re-apply to the University and meet all established University criteria and deadlines for re-enrollment and/or re-application in the current Undergraduate and Graduate Catalog. For more information on how to re-apply, please visit the Admissions website at http://admissions.tamu.edu/readmit. In addition, students who have been separated from the university for student conduct reasons must present a request for reinstatement in writing to the Student Conflict Resolution Services Office as part of this re-enrollment/re-application process.

**Prior to your return to Texas A&M University, the following sanction is to be completed:**

You are to provide **proof that you completed a professional assessment** to discuss the issues identified as a result of this incident and as it relates to effective communication and coping with stress. You may complete this assessment with a professional of your choice, external to Texas A&M University resources. You may If you have further questions regarding this sanction, you may contact Student Conduct Services at 979.847.7272.

**Upon your re-enrollment at Texas A&M University, the following sanctions will be effective immediately:**

First, you are being placed on **Conduct Probation** to remain in effect **through your graduation at Texas A&M University.** During the term of this sanction you are considered "not in good standing" with Texas A&M University for disciplinary reasons. Please refer to paragraph 27.1.3 of the Texas A&M University Student Rules for a list of other restrictions which may apply.

In addition, you are required to visit the **Student Counseling Service** to discuss the various issues that were uncovered as a result of this incident. Specifically, you are to discuss the issues related to effective and appropriate communication with other individuals and coping with the stressors of college life. To do this you must go to the following website and register https://scs.tamu.edu/secure/ completing all parts of the registration process except setting an appointment time. To obtain an appointment, after you complete the registration information, call 979.845.4427, and tell the receptionist that you have completed the online registration information and have been referred directly by Student Conflict Resolution Services. **You must provide proof of this visit to this office within 30 days of your return to Texas A&M University.**

Student Conflict Resolution Services
Cain Hall Room C-315
1257 TAMU
College Station, TX 77843-1257

Tel. 979.847.7272    Fax 979.845.6136
scrs@tamu.edu
http://studentlife.tamu.edu/scrs

You are also required to develop a Behavioral Contract to outline the appropriate behavior and effective means of communication for a Texas A&M University student. You must contact Student Conduct Services to receive further information to schedule a meeting with a staff member to complete this requirement. **You must complete this sanction within 15 days of your re-enrollment at Texas A&M University**. You may contact our office at 979.847.7272 for any questions relating to this sanction.

This action is being taken as a result of your violation of the Student Conduct Code contained in the University Student Rules. During your conduct conference conducted on Tuesday, October 1, 2013 with Justin R. Ellis, Jaclyn Upshaw-Brown, Krista Bailey, Lyndon Pryor, and myself, the following findings were made:

1. **[24.4.2.] Harassment**. Behavior that is severe, pervasive or persistent to a degree that a reasonable person similarly situated would be prevented from accessing an educational opportunity or benefit. This behavior includes, but is not limited to, verbal abuse, threats, intimidation, harassment, and coercion. In addition, harassment may be conducted by a variety of mediums, including but not limited to, physical, verbal, graphic, written, or electronic.

*by persistently sending harassing email communications to numerous Texas A&M University administrators, faculty, and staff on or about the spring, summer, and fall semesters of 2013* — **Found Responsible**

The rationale for this decision is based upon documented persistent harassing emails sent to members of the campus community. This information was provided in the student's case file.

**You are hereby reminded of your right to appeal this decision by 5:00 pm on October 8, 2013**.

Enclosed is a copy of the University Disciplinary Appeals Panel procedures. If you choose to exercise this right, then you must do so in writing to Dr. CJ Woods , Chair of the University Disciplinary Appeals Panel, Koldus Student Services Building – Suite 117, 979.845.4728. You may find more information regarding the University panel appeal process by visiting http://studentlife.tamu.edu/scrs/scs or reviewing Student Rule 58 at http://student-rules.tamu.edu/rule58.

As a Texas A&M student, you are required to uphold the community standards outlined in the University Student Rules and symbolized by the Aggie Code of Honor. Should you have questions concerning this matter, please contact me at 979.847.7272.

Sincerely,

L.J. Moore, Jr.
Assistant Coordinator for Student Conduct Services

CC:Dr. CJ Woods, Associate Vice President for Student Affairs
Student Counseling Service

Texas A&M University
University Disciplinary Appeals Panel



October 18, 2013

Christopher Medina
Sent electronically to chris.medina2010@neo.tamu.edu

**PERSONAL AND CONFIDENTIAL**

Regarding Case Number: 2013014701

Dear Christopher:

Your appeal with the University Disciplinary Appeals Panel has been scheduled for the
following date, time and location:

**Friday, October 25, 2013**
**1:30 p.m.**
**2500 MSC**

Please note that if you fail to appear for the above scheduled appeal, you will forfeit your right to
appeal the decision that you received from Student Conduct Services on Tuesday, October 1,
2013. If you have any questions, please do not hesitate to call Ms. Stacy Wright or me at
979.845.4728.

Sincerely,

CJ Woods, PhD
Associate Vice President for Student Affairs

CC:Dr. R. Bowen Loftin
Kristen Harrell, Student Life
Dr. CJ Woods, Associate Vice President for Student Affairs

Texas A&M University
University Disciplinary Appeals Panel



October 28, 2013

Christopher Medina
Sent electronically to chris.medina2010@neo.tamu.edu

**PERSONAL AND CONFIDENTIAL**

Regarding Case Number: 2013014701

Dear Christopher:

The purpose of this letter is to confirm to you in writing the decision of the University Disciplinary Appeals Panel regarding your appeal held on Friday, October 25, 2013.

University Disciplinary Appeals Panel Decision:

On Friday, October 25, 2013, the University Disciplinary Appeals Panel convened to consider your appeal. The basis for your appeal was severity of sanctions. The Panel reviewed the decision of the Student Life Conduct Panel made on Tuesday, October 1, 2013. Based on the information presented and heard during the appeal, the University Disciplinary Panel upheld the decision of the Student Life Conduct Panel. Therefore, the sanction of suspension from Texas A&M University effective October 1, 2013 will remain in effect through December 12, 2014.

All decisions by the University Disciplinary Appeals Panel are made by a majority vote.

Christopher, it is important to recognize that the Texas A&M University community has standards with which everyone must comply. We hope that you will reflect on the behaviors that led to this situation and will use this experience to influence the quality of your future decisions and actions.

Please contact me at (979) 845-4728 should you have any questions.

Sincerely,

CJ Woods, PhD
Associate Vice President for Student Affairs

CC:   Dr. R. Bowen Loftin
   Kristen Harrell, Student Life
   Dr. CJ Woods, Associate Vice President for Student Affairs

117 Koldus Student Services Building
1256 TAMU
College Station, TX 77843-1256

Tel 979.845.4728   Fax 979.845.3320

To: Dr. CJ Woods
    Chair of Disciplinary Appeal Panel
    Koldus Student Services Building Suite 117
    Texas A & M University


From: Christopher Jason Medina
      809007799
      3301 Providence Ave Apt 408
      Bryan, TX 77803


October 2, 2013

Subject: Appeal for Academic Suspension Case Number 2013014701

Dear Dr. Woods:

My name is Christopher Medina and I have received email regarding my case decision. The email states that I am now suspended until December 12, 2013. I am writing this appeal letter in hopes that university will reconsider my suspension.  I have just transfer to Texas A&M University on spring 2013, it has been somewhat a bumpy road but I can see things are starting to look better.

I have to admit I had a very difficult start, I do not mean to make excuses for my action, but I would like to explain the circumstances. I registered 15 credit hours in on spring semester so that I was on track to graduate on time. I thought I could handle the work load, and I still think I could have, except my physical condition is become worse. I had to wear neck brace and using cane and I had been admitted to Emergency Room at College Station Medical Center and St. Joseph Center during spring semester (Exhibit 1). Not mentioned that I also having facial hyperhidrosis (excessive facial sweating) that last 16 - 18 hours per episode. I did not have my own transportation and I have to ride the city bus which have limited hours so I could not attend Supplemental Instruction (SI) for one my class. If I attend the SI I have to walk home approximately 3 miles. Needless to say, the trip back and forth to ER and doctors appointment cut into my study time and I was unable to focus on my schoolwork.

Besides my physical conditions that influence my school performance, I have also had several mental disorders issues (Exhibit 2). I was diagnosed with General Anxiety Disorder, Mood Disorder, and Depressive Disorder along with obsessive compulsive personality and narcissistic tendencies. I also have been registered with Student Disabilities Services since spring semester (Exhibit 3).  I requested note taking assistance but I never have it. To be honest, I was very disappointed, I felt that nobody understand what I have been through and could not give assistance when I needed. I was started to losing my motivation and easily get distraction. I was on suicidal indention and referred to be watched under my wife care (Exhibit 4).

Also currently have law suit against Brazos Club it is building where most of meetings are held for Alcohol Anonymous.  It was mandatory by my psychologist, Paul Johnson to attend the 12 step meeting.

The confusion through the massive mass communication to Texas A&M University staff, financial and my legal problems had created unresolved conflict and I believe it led into this suspension. My compulsive nature tried to communicate without giving it much thought. I am in process of getting a new counselor and ask questions about new coping techniques and go to student counseling service at Texas A & M while in search of the new counselor.

With all these circumstances, I tried to communication with my professors regarding my conditions. After I got my grades, I tried to appeal it since in my opinion I have the right to do that. However, during the process, with my compulsive behavior I have tendencies to copy and forward the email to everybody that I think it was involved. Since nobody told me what I should have done regarding the process I thought I did the right thing, but I was wrong I did not know that my act is against the student rule under harassment which is not my intention at all. Until I got email that I was violated one of the student rule. Also finally I received reply from Dr. Ellis on how to appeal the grade. I understand now that I should communicate effectively with my professors or my department instead of sending mass email communications to everybody.

I was waiting for 13 years to get accepted to Texas A&M University, and it would mean so much to graduate with a degree from this school, which would make me the first person on my mother side to complete a degree. This semester I have my new accommodation counselor, Dr. Kristie Orr, whom very helpful with providing me notes taking assistance or advice. I also take evening classes instead of morning classes when I mostly have more pain or hyperhidrosis episode. Fortunately, I will move to a new apartment that on Texas A & M bus route by the end of October. So I do not have to worry about transportation anymore. Now that I have finally got everything under control, I feel that a suspension would be very counter-productive. Please understand that my behavior that led to my suspension does not indicate that I am a bad student. I am a hard working student who unfortunately has a bad physical condition along with mental disorder.

Thank you for considering this appeal.

Sincerely,

Christopher Jason Medina

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
*Christopher Medina*

## DEFENDANTS
*Texas A&m University*

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accomodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☒ 446 Amer. w/Disabilities - Other
- ☒ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
*42 U.S. Code 12182 Prohibition of discrimination by public entity*

Brief description of cause:
*was not allowed disply medical records; or granted State Rule 7; extra day*

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ *Grade byte + 8,000 Damages*

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

*8,000 Damages*

DATE *1/3/2014*

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____